UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC A. PHILLIPS                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 3:17-CV-P158-CRS

MARTHA KNOX et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Eric A. Phillips, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

At the time Plaintiff filed his complaint he was confined in the Bullitt County Detention Center (BCDC). He has since been transferred to the Logan County Jail. He names as Defendants in their individual and official capacities BCDC Jailer Martha Knox, BCDC Captain Mitzi Burkhead, and BCDC kitchen supervisor Jeannie Bright.

Plaintiff alleges that on November 11, 2016, he was approved for placement on a "religious diet in accordance with Buddhist dietary restrictions of not consuming any sentient being for food." He states that after he was placed on this diet he received nothing but cooked beans for his main course for five days. He states that he submitted a request to Defendant Bright for "a little variety in what I receive on my trays and she told me, 'to stop complaining, that Buddhists are not required to be vegetarian and to be grateful for that I get.'" He alleges that

since then he has been subjected to "discriminatory treatment based upon my Buddhist faith, in the unequal caloric content of the religious diet trays I have been getting."

Plaintiff states that for a three-week period after a visit with a Kentucky Department of Corrections investigator his portions increased "to where they should have been" and Plaintiff received a better selection of meat substitutes. After that, however, he alleges that his portion-size decreased. He alleges that Defendants have violated his First Amendment right as well as subjected him to cruel and unusual punishment "by causing major weight loss."

As relief, Plaintiff asks only for injunctive relief in the form of ordering Defendant Knox to stop the discriminatory treatment "due to the food portions I receive as a Buddhist" and to order Defendant Bright to "verify I receive at least 2400 daily calories with a licensed dietitian, and serve me 2400 daily categories on my special religious diet trays."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Since Plaintiff has been transferred and is no longer imprisoned in the BCDC, it is obvious that he could obtain no benefit from the granting of injunctive relief against the BCDC officials. Thus, his claims have become moot, and this lawsuit will be dismissed on the basis of mootness. *See, e.g.*, *Presnell v. Cloyd*, No. 2:08-CV-25, 2008 WL 1744589, at *1 (E.D. Tenn. Apr. 15, 2008).

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: June 9, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Bullitt County Attorney
4411.009